THE JONES STORE COMPANY, RESPONDENT, v. G. J. KELLY ET AL., APPELLANTS.—36 S. W. (2d) 681.

Kansas City Court of Appeals. March 2, 1931.

834

James B. Nourse for respondent.

Carl G. Wagner for appellant.

CAMPBELL, C.—This is an action to recover upon an account for merchandise alleged to have been sold by the plaintiff to the defendants. There was no service upon Mrs. C. J. Kelly and plaintiff dismissed as to her. Plaintiff obtained a verdict and judgment against G. J. Kelly, hereinafter called the defendant, in the sum of $185.25. Defendant has appealed.

The plaintiff's evidence tends to show that it conducted a retail mercantile store; that on September 27, 1927, the defendant made a written application to plaintiff for credit; that the application was approved and a coin numbered 69990 delivered to defendant; that it was understood defendant could allow another to use the coin in making purchases, the amount of which would be charged to his account; that defendant gave a receipt for the coin, stating therein that if the same was lost he would promptly notify plaintiff; that on that day defendant purchased merchandise to the amount of $75.60 which was charged to his account, and in October following made another purchase on credit in the sum of $12.85; that the account was paid by defendant about two months later; that the

first item of the account in suit is dated February 29, 1928, and the last item is dated April 2, 1928.

There is no evidence showing that plaintiff sold any of the merchandise to the defendant or any other person save and except the recitations appearing in its record, and the statement of the defendant in relation thereto. That record consists of sale slips and a ledger account. The slips show in some instances the purchaser was Mrs. Kelly and in other instances, Mrs. G. J. Kelly, and that the coin, with one exception, was produced at the time of each purchase; that the merchandise purchased without the coin being produced was delivered at defendant's home; that plaintiff knew defendant was unmarried; that defendant, in response to a demand for payment, went to its store and stated to its comptroller of accounts that he had not personally made the purchase, "but he said that they were made by a housekeeper, I believe, or some one living in his house, and he told me to not allow any further credit on his account;" that he was negotiating a loan and would pay the account in thirty days; that when a coin is presented by one seeking to purchase, the clerk to whom it is presented will telephone to the comptroller the name, address, and coin number, and if the coin number checks properly it is "O. K.'d. or passed."

The defendant testified he made the application for credit and received the coin as stated in plaintiff's evidence; that he took the coin home, "put it in the bureau and locked it up;" that he never saw it thereafter; that after payment of the account was demanded he searched for but did not find it; that he did not notify plaintiff of its loss; that at the time he received the coin it was agreed the amount of credit was limited to fifty dollars and that no other person could use the coin; that after December, 1927, he did not have a housekeeper; that no one had authority to make purchases on his credit; that he did not make the statements attributed to him to the effect that his housekeeper made the purchases and he would pay the account; that his house was "ramsacked" in February, the inference being that the coin was taken at that time.

The defendant insists the court should have granted his request for a directed verdict. We think not. While it is true plaintiff made an affirmative showing that the merchandise, except one item, was bought by some person other than defendant, it also showed that that person produced the coin which defendant had received, and that defendant had agreed in event of the loss of the coin he would promptly notify plaintiff thereof. The jury had the right to infer the possession of the coin, by the one who produced it, was rightful. There is evidence it was plaintiff's custom, upon the production of a coin, to sell merchandise to the one producing it and charge the amount therefor to the one who had applied for and received the

coin; that defendant had knowledge of that custom; that when demand for payment was made the defendant said that the merchandise was purchased by his housekeeper or some one living in his house, and promised to pay the account, making no claim at that time that any of the purchases had not been made by his authority.

From the foregoing the jury could legitimately infer that defendant authorized the purchases on his credit. If defendant gave the coin to the person who bought the merchandise, intending that person could purchase on his credit, then, of course, the debt thus created was his debt. If another wrongfully and without his knowledge gained possession of and used the coin in making purchases, then defendant is not liable. On this subject the evidence is conflicting, and that conflict is for the jury and not for the court.

Plaintiff's instruction number 1 is as follows:

"If you find and believe from the evidence and testimony that said defendant opened an account with said plaintiff and subsequently made purchases of merchandise from said plaintiff and paid for same and then continued to make said purchases, if any, from said plaintiff and that demand of payment of same was made by said plaintiff and defendant has refused payment for said items then your verdict shall be for plaintiff."

Defendant insists the instruction is ambiguous; that there were three different accounts, and that the instruction does not identify the account in suit; that it assumes there was a "perfect contract" of sale. The ambiguity claimed is not pointed out, nor does the defendant point out wherein the instruction assumes there was a "perfect contract" of sale. There is only one account at issue, and the failure of the instruction to mention other accounts was not hurtful. While we do not approve the instruction, it is not erroneous for the reasons assigned.

Plaintiff's instruction number 2 is assailed. That instruction is as follows:

"If you find and believe from the evidence and testimony that defendant authorized anyone or made available the coin of credit to make purchases on this account at plaintiff's place of business by the presentation of this coin to plaintiff's agents for the benefit of said defendant, then your verdict shall be for the plaintiff."

The instructions cover the whole case and authorized a verdict for plaintiff upon the jury finding that the defendant authorized any one or made available the coin of credit to make purchases on his account, thus not only submitting a question of law to the jury but allowing a recovery by plaintiff without requiring the jury to find that the person "authorized," or the one to whom the coin was made "available," presented the coin or made the purchases. The instruction omits defendant's claim that the amount of credit was

limited to fifty dollars, and that it was agreed the coin could not be used by any other /person. Clearly the instruction is erroneous.

Of the instructions requested by defendant, two were given and ten refused. Some of the refused instructions are based upon the theory that the Statute of Frauds is applicable. If the defendant caused the merchandise to be purchased on his credit, as the plaintiff claims, then the debt thus created is his debt. The evidence that defendant said the goods had been purchased by his housekeeper and that he would pay the account, was not admitted to show he agreed to pay the debt of another, but as it might tend to show that the debt was his debt. The Statute of Frauds does not apply. Other of said instructions are based upon the theory that some third person impersonated the defendant. There is not evidence to support that theory. All of the refused instructions were properly refused.

For the error pointed out, the judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foreging opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur, except *Trimble, P. J.,* absent.